IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE CABLE, individually, | ) | <u>JURY DEMANDED</u> |
| and d/b/a SELFMADEPHOTO.COM, | ) | |
| | ) | |
| Plaintiff, | ) | NO. |
| -vs- | ) | |
| | ) | |
| AGENCE FRANCE-PRESSE, a French | ) | |
| corporation, and DOE I through DOE V, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiff, WAYNE CABLE, by his attorney, MARK H. BARINHOLTZ, P.C., complains

against defendants, and each of them jointly and severally, and alleges:

### <u>Jurisdiction and Venue</u>

1.      This Court has jurisdiction over this case under 28 U.S.C. § 1338(a) and (b),

§ 1367, and § 1400(a). Venue is properly laid in this District under 28 U.S.C. § 1391(b) and (c).

### <u>Parties</u>

2.      Plaintiff, WAYNE CABLE ("Cable") is an experienced professional photographer

located in Chicago, Illinois. At all times relevant, Cable has been engaged in the business of

commercial photography, concentrating in the creative portrayal of people and architectural subject

matters. *Selfmadephoto.com* is a trade name of Cable's firm, Self Made Photo, LLC, an entity

through which he conducts business and a designation which he uses as a means of source

identification for Cable's photography.

3.      Defendant, AGENCE FRANCE-PRESSE ("AFP") is, upon information and

belief, a corporation organized under the laws of France, and has at all times relevant been engaged

in the news agency business worldwide and within this District. AFP owns and operates an online

photo database known as *ImageForum-Diffusion* ("*ImageForum*") devoted to licensing and

otherwise marketing photographic images to an extensive range of customers. AFP maintains a

bureau office in Chicago, Illinois, and may otherwise be found in this District.

4.     On information and belief, one or more persons and/or firms who have done business in, caused injury to plaintiff's property in, or which otherwise are located or may be found in this District, but whose identities and/or roles in connection with the circumstances complained of herein are not fully known or disclosed to plaintiff as of the filing of this action, are herein named as defendants DOE I through DOE V, and are either affiliated with or otherwise directly or indirectly supervised, participated in or financially benefitted from the unlawful reproduction, display, dissemination and exploitation of the infringed photographic work described herein below.

## Background

5.     At or about early September 2009, Cable was contacted by a Chicago luxury real estate firm, Matt Garrison Group ("the Broker") who requested Cable provide photographic services to create imagery, and to license certain of Cable's photographs created thereby, or to be created, depicting million dollar homes in Chicago's Hyde Park/Kenwood neighborhood.

6.     Further to that request, Cable created a series of color photographs depicting interiors and exteriors of the property located at 5040 South Greenwood, Chicago, Illinois, and surrounding homes and neighborhood views. ("the Works")  Copies of the Works as they appeared on a Web site belonging to the Broker, are attached hereto (in B&W) as Exhibit "A".

7.     Among the images created by Cable, are several which include the house next door to 5040 South Greenwood, which belongs to Barack Obama, the President of the United States. One image in particular is reproduced and used on various pages of the Web site, *5040geeenwood.com*, which is linked to and from the Broker's own site (hereinafter *5040greenwood.com*  referred to as "the Broker's Web site"), including the opening page (hereinafter "the homepage"), and presents a clear view of 5040 South Greenwood, and of Barack Obama's house next door. ("the Infringed Work") A copy of the Infringed Work as it appears in larger format on the Broker's Web site is attached hereto (in B&W) as Exhibit "B".

8.     When creating and submitting his Works for reproduction and use as part of the

2

Broker's Web site, Cable communicated conditions for use and license of such imagery, and it was then and there and at all times relevant, understood and agreed by the Broker, that use of each Work(s) limited to reproduction by Garrison Group only, and were to be used for such Broker's marketing and Web site purposes for the sale of 5040 South Greenwood, but that other uses for the images could be granted, if at all, only by Cable's further permission.

9.      It was further understood and agreed by the Broker that the aforesaid license was conditioned upon authorship and source attribution of the photographic images in Cable and *Selfmadephoto.com* with a credit line to prominently and clearly identify Wayne Cable/ *Selfmadephoto.com* as the creator and source of the photographic Works, including a hotlink to Cable's own Web site.

10.      It was further understood and agreed by the Broker that, other than the aforesaid license, the authorship and copyright ownership, and all copyright rights, title and interest in the Works, would remain exclusively with Cable.

11.      At or about early September 2009, Cable created the Works, and made them available to the Broker, pursuant to the foregoing license.

12.      Each Work was intended by Cable, and used by the Broker, as a means of creatively presenting the homes depicted for the promotional purpose of generating interest in them in order to drive sales of the designated million dollar property.

13.      The Broker's Web site reproduced on its homepage, and various interior pages, the Infringed Work (and the remaining Works) contributed by Cable, and attributed copyright authorship, ownership and source identification for the photos immediately following or adjacent to the reproduction of the images, as follows: "Photos © 2009 wayne cable, selfmadephoto.com." ("the Copyright Notice")  A copy of one such Copyright Notice as it appears on the homepage of the Broker's Web site (in B&W and as enlarged), is attached hereto as Exhibit "C".

14.      The Copyright Notice as reproduced on and embedded within the Broker's Web site, and as associated with the Works, was encoded as a hotlink which – when clicked on –

3

transported the user to Cable's own Web site.

15.     Each of the Works contain substantial material wholly original with Cable, and constitute copyrightable subject matter under the copyright laws of the United States of America.

16.     At or about mid-October 2009, Cable learned that AFP, through its *ImageForum* Web site, had caused or contributed to cause Cable's Work(s), and in particular the Infringed Work, to be copied and infringed by various means, including but not limited to, (i) by displaying reproductions of the Infringed Work for purposes of advertising the licensing and sales of the photos being offered on the *ImageForum* Web site, (ii) by disseminating such reproductions of the Infringed Work worldwide via the Internet, (iii) by distributing copies of the Infringed Work as reproduced on *ImageForum* through digital means as the purported licensor, and further (iv) on information and belief, by purporting to sub-license sales of the Infringing Work to third parties to maximize sales of the Infringed Work over the Internet and otherwise (the "Infringing Uses"), but without any permission or authorization from Cable.

17.     That the defendants' Infringing Uses of the Infringed Work, or such of them as are known to plaintiff as of the filing of this action, are concentrated on and emanate from the *ImageForum* Web site visually, prominently and are thereby calculated to serve the same creative and promotional goals for AFP's *ImageForum* Web site as employed for the Broker's Web site, namely, as a means of attracting attention and driving sales. A copy of the Infringed Work as it appears on the *ImageForum* Web site (but in B&W), together with parts of pages wherein AFP claims photo credit and/or that it is the lawful provider of the image, is attached hereto as a group Exhibit "D".

18.     At all times relevant, the results of Cable's photographic services, including the use of the Infringed Work, were carefully selected by the defendants to have significant impact and emphasis, and to serve as a catalyst to enhance sales and licensing of the accused Infringing Uses, desired to be exploited by said defendants, and all as a means to multiply their own economic gain.

19.     Since October 2009, Cable has further discovered that the illegal sub-licenses, on

4

information and belief granted to or assumed by one or more of the named defendants, appear to extend to various firms, including but not limited to AFP and *ImageForum* themselves, Getty Images, *Time.com*, and *The New York Times*, all of which purport to be authorized to display Cable's Infringed Work as a tool to generate sales, but all without any permission or authorization from Cable to do so.

20.     In addition, Cable has become aware that defendants, by their failure to obtain Cable's permission, have evidenced their intentions to, and have in fact, *inter alia*, improperly miscredited or otherwise omitted to attribute authorship and source of the Works in Cable or *Selfmadephoto.com*, by widespread dissemination of the Infringed Work in the Infringing Uses, and otherwise, only after deliberately removing the photo credit, Copyright Notice and other source information that Cable had bargained for, and which was accorded to Cable and *Selfmadephoto.com* in connection with the originally licensed reproductions of the Works.

21.     Cable has complied with all registration and deposit requirements of the federal copyright laws, and has obtained copyright registration for each of his copyrighted Works under Certificate of Registration No. VA 1-690-111, effective October 22, 2009. A copy of the Registration, which includes the Infringed Work, is attached hereto as Exhibit "E".

## COUNT I
### (Title 17 U.S.C. § 1202, Digital Millennium Copyright Act)

22.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 21 hereof, and for this Count I alleges against defendants, and each of them jointly and severally, as follows.

23.     Each page of the Broker's Web site upon which a Work by Cable appeared, including the Infringed Work, attributed copyright, authorship and source of the photographic Works in Cable and *Selfmadephoto.com*. Thus, defendants knew or had reasonable grounds to know that Cable was the true author of those Works. *See,* Exhibit "C" hereto.

5

24.     The Works Cable submitted to the Broker were embodied within a disc (CD-ROM) containing digital files which were encoded with various items of information embedded in the files. The digital files embodying the photos conveyed information, including but not limited to Cable's name and the trade name "*Selfmadephoto.com*" and a Copyright Notice, as means of identifying Cable and *Selfmadephoto.com* as the copyright owner and author and *Selfmadephoto.com* as the source of the imagery, all further encoded into a hotlink leading to Cable's own Web site. ("the identifying information")

25.     In addition to the digital data, the CD-ROM itself was conveyed to the Broker with various items of identifying information printed on a label affixed to the CD-ROM disc and as an insert visible from the CD-ROM container.

26.     That the name "Wayne Cable" and the designation "*Selfmadephoto.com*," as well as the Copyright Notice and hotlink, were at all times relevant, conveyed in connection with the Infringed Work by Cable to the Broker with the intent by Cable that they be used to identify the creator and owner of the photographic images and copyrights therein, and otherwise to identify the source of the Works, and in particular the Infringed Work.

27.     That pursuant to 17 U.S.C. § 1202(c) of the Digital Millennium Copyright Act of 1998 ("DMCA") the identifying information so conveyed is deemed to be and constitutes "copyright management information" under the DMCA.

28.     That defendants, and each of them, had knowledge or reasonable grounds to know that Cable intended, and that the Broker had agreed, that such copyright management information was to be faithfully reproduced, and that the hotlink was to remain live and active, in connection with any reproduction of Cable's Work(s), including the Infringed Work.

29.     Notwithstanding defendants' knowledge, however, at all times relevant, the infringing reproductions of the Works in the Infringing Uses, removed the name "Wayne Cable" and the trade designation "*Selfmadephoto.com*," discontinued and otherwise severed the hotlink encoded in the Copyright Notice, and stripped out and scrubbed away all other copyright

6

management information which Cable had encoded within the metadata contained in the digital files delivered to the Broker.

30.     As a substitute, AFP altered and otherwise provided false copyright management information by claiming copyright and source in the name of defendants as "AFP" and/or "*ImageForum-Diffusion*," or otherwise, and by adding the phrase *ImageForum* as a watermark repeated as an overlay embedded in and visible from the online display of the Infringed Work, and otherwise deliberately omitted and removed Cable's name and the trade name *Selfmadephoto.com*, entirely from being connected with the Works, and in particular the Infringed Work, as used on AFP's *ImageForum* Web site. *See* Exhibits "D" and "F" hereto.

31.     That in addition to removing and altering copyright management information aforesaid, defendants and each of them distributed or imported for distribution, or otherwise publicly displayed, the altered copyright management information knowing that it had been altered and/or removed without the authority of the copyright owner, Cable, or the law. Further, the defendants, and each of them distributed or imported for distribution, or otherwise publicly displayed, copies of the Infringed Work knowing that copyright management information had been removed or altered without the authority of the copyright owner, Cable, or the law.

32.     That at all times relevant, defendants and each of them, in doing the acts and things complained of herein, intended to induce, enable, facilitate or conceal an infringement and violation of Cable's copyright attribution, integrity and ownership rights under Title 17 U.S.C. § 1202(a) and §1202(b) (Chapter 12), and otherwise against unauthorized copying, dissemination and display of his Works, *inter alia,* under Title 17 U.S.C. § 501 (Chapter 5).

33.     That defendants, and each of them, have thereby violated the Digital Millennium Copyright Act, and Cable's rights thereunder, and he has been caused to and has thereby, suffered and sustained substantial financial damage and irreparable harm, for which plaintiff's remedy at law is inadequate.

7

## COUNT II
### (Title 15 U.S.C. § 1125(a), Lanham Act § 43(a))

34.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 33 hereof, and for this Count II alleges against defendants, and each of them jointly and severally, as follows.

35.     That the true, original licensee, the Broker's Web site properly attributed authorship and source of the photographic Works, including the Infringed Work, in Cable and *Selfmadephoto.com*, as well as furnishing an active hotlink to Cable's own Web site. Thus, defendants knew or had reasonable grounds to know that Cable was the true and lawful author and copyright owner of those Works. *See*, Exhibit "C" hereto.

36.     Notwithstanding, however, at all times relevant, the infringing and otherwise unlawful reproductions of the Infringed Work in the Infringing Uses claimed copyright in the name of defendants or otherwise deliberately omitted or removed Cable's name, or the trade name *Selfmadephoto.com,* or the hotlink connected thereto, entirely from being associated with his Works as reproduced in the AFP and/or *ImageForum* Web site.

37.     In addition, defendants, by their deliberate reproduction of the Infringed Work without Cable's permission, evidenced their intentions to do and/or omit to do one or more of the following, *inter alia*: (i) to alter and/or modify Cable's Infringed Work without his input or permission, (ii) to reproduce and publish the Infringed Work without any editorial participation from Cable so that the Infringing Uses do not reflect his vision in connection with the selection or manner of use(s) of Cable's own photographic Works, and (iii) to tout and/or seek to associate the photographic Infringed Work of Cable, its source and/or authorship, and the goodwill thereof, with the trade names, trademarks, and designations AFP and/or *ImageForum-Diffusion*, *inter alia*, and all without the permission, consent, authorization or approval of plaintiff.

38.     In addition, defendants, either intentionally and/or recklessly, caused Cable's Infringed Work to be widely disseminated in derogation of their lawful duties to ensure that Cable's name and goodwill, and that of *Selfmadephoto.com*, be associated with his Works,

8

including the purposes for which the Works were originally licensed for use.

39.     Consequently, the Infringing Uses and reproductions purport to suggest, *inter alia*, (i) that the lawful copyright owner Cable has endorsed and approved of such selection and use(s) of his Infringed Work, or (ii) that defendants and/or some other person or firm is the creator and copyright owner of the Infringed Work, when in fact those suggestions, impressions and identifications are not true.

40.     Defendants' wrongful use and/or misuse of Cable's name, identity and services, and that of *Selfmadephoto.com*, and misuse of his entitlement to receive proper photographic authorship and/or source attribution credit, are uses in commerce, and constitute acts of unfair competition and an infringement of plaintiff's common law and statutory rights in his and his firm's name, identity and services.

41.     Defendants have engaged, and/or have threatened to continue to engage, in the aforementioned conduct with the intent to deceive the purchasing public and others, or otherwise having the likelihood that such deception will be the result.

42.     Defendants' acts have been, and are threatened to be, committed with the intent to pass off defendants' infringing uses, and in particular certain of the photographic Works, specifically the Infringed Work, reproduced therein, as being those of defendants and/or as being dissociated from plaintiff "Wayne Cable," or his firm identity "*Selfmadephoto.com*," and all to the deception of the purchasing public and others in violation of the Lanham Act, § 43(a) thereof.

43.     Defendants' acts, practices and conduct constitute unfair competition, false or misleading designation, description or representation, false advertising, and/or unfair and deceptive trade practices in that they are likely to cause confusion and mistake by the purchasing public and/or others with respect to the professional services of Cable and of *Selfmadephoto.com*, all in violation of the Lanham Act, § 43(a) thereof.

44.     The aforesaid false and misleading designations and impressions have caused, and are likely to continue to cause, plaintiff irreparable harm and economic injury, for which plaintiff's

9

remedy at law is inadequate.

## COUNT III
### (Statutory Consumer Fraud)

45.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 44 hereof, and for this Count III alleges against defendants, and each of them jointly and severally, as follows.

46.     Defendants' aforesaid acts, practices and conduct constitute unfair and deceptive business practices and consumer fraud in violation of the Consumer Fraud and Deceptive Business Practices Act, Illinois Compiled Statutes, 815 ILCS 505/2, § 2.

47.     As a direct and proximate result of the aforesaid acts, practices and conduct, plaintiff is likely to continue to be substantially injured in his business, including his reputation, resulting in lost income and diminished goodwill.

48.     By reason of the foregoing, plaintiff has been and will be injured in an amount not yet ascertained.

## COUNT IV
### (Statutory Deceptive Trade Practices)

49.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 48 hereof, and for this Count IV alleges against defendants, and each of them jointly and severally, as follows.

50.     Such conduct and acts aforesaid by defendants constitute unfair and deceptive trade practices within the meaning and intendment of the Illinois Compiled Statutes, Chapter 815, Sections 510/2, § 2(2), § 2(3), § 2(5) and § 2(12), thereof.

51.     Plaintiff has no adequate remedy at law, and the aforesaid false and misleading descriptions and misrepresentations have caused, and are likely to continue to cause, plaintiff economic injury and irreparable harm.

## COUNT V
### (Common Law Unfair Competition)

52.　　Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 51 hereof, and for this Count V alleges against defendants, and each of them jointly and severally, as follows.

53.　　Defendants' aforesaid acts, practices and conduct are likely to cause confusion or mistake in the minds of the purchasing public and others, and constitute common law unfair competition by defendants against plaintiff.

54.　　As a direct and proximate result of the aforesaid acts, practices and conduct, Cable has been and/or is likely to be substantially injured in his profession, including his reputation, resulting in lost income and diminished goodwill and reputation.

55.　　Cable has no adequate remedy at law in that his name, identity and services, and as further identified with *Selfmadephoto.com*, are unique and represent to the purchasing public and others Cable's identity, reputation and goodwill, such that damages alone cannot fully compensate Cable for defendants' misconduct.

56.　　That the aforesaid false and misleading descriptions and misrepresentations have caused, and are likely to continue to cause, plaintiff economic injury and irreparable harm.

## COUNT VI
### (Title 17 U.S.C. § 501, Copyright Act Infringement vs. AFP)

57.　　Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 56 hereof, and for this Count VI alleges against defendant AFP, as follows.

58.　　That as the firm that owns and operates the *ImageForum* Web site and online photo database, AFP, on information and belief, has reserved for itself and exercises significant rights of control over and/or participation in the development, preparation, design, marketing, distribution and maintenance of such online photo database and its assets, including but not limited to

11

copyright protected photographic images and the names and identities of the authors thereof, as well as the financial benefit to be derived therefrom.

59.     At least as early as October 2009, and at all times through the filing of this action, defendant AFP infringed Cable's Infringed Work, and his exclusive rights therein, within the meaning and intendment of Chapter 5 of the Copyright Act (17 U.S.C. § 501, *et seq.*), by various means, including but not limited to, the aforesaid reproductions, publications, displays and disseminations of the copyrighted Work, without having first obtained a license therefor.

60.     That such acts aforesaid by defendant AFP were for its own commercial use and benefit and infringed upon plaintiff's exclusive copyright rights in the Work.

61.     That such copyright infringement(s) aforesaid have continued through the filing of this action, are ongoing and are likely to continue.

62.     That by virtue of the acts hereinabove alleged, defendant AFP has infringed plaintiff's copyrights, and plaintiff has been caused to and has thereby suffered and sustained irreparable harm and economic injury.


## COUNT VII
### (Liability vs. Doe I through Doe V)

63.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraph 1 through 62 hereof, and for this Count VII alleges against defendant(s) Doe I through Doe V, as follows.

64.     On information and belief, one or more individual(s), firm(s), affiliate(s) or contractor(s) acted in concert with defendant AFP, or its Web site *ImageForum*, or others, and were a conscious, active and/or dominant force causing or contributing to cause, and which resulted in the unlawful infringements and unfair competition herein alleged.

65.     On information and belief, those individuals, firms, affiliates and/or contractors personally or directly contributed to, authorized and/or participated in infringing and/or unfairly

12

competing against Cable's Works, and his exclusive rights therein, including his rights to attribution and integrity, by the various means aforesaid, *inter alia*.

66.    That such liability of the said DOE defendants may be assessed by the court not only for their direct acts or participation, but on the basis of their contributory acts or vicarious participation in the Infringing Uses or otherwise.

67.    That such tortious acts were for their own individual gain and benefit, as well as the gain and benefit of their firms, affiliates or contractors, and infringed upon and/or unfairly competed against Cable's exclusive copyrights and attribution rights in the Work(s).

68.    That such infringement and unfair competition aforesaid has continued through the filing of this Lawsuit, is ongoing and is likely and/or is threatened to continue.

69.    That by virtue of the acts hereinabove alleged, defendants DOE I through DOE V infringed Cable's copyrights and/or unfairly competed against Cable, and he has been caused to and has thereby suffered and sustained irreparable harm and economic injury.


## COUNT VIII
### (Injunction)

70.    Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 69 hereof, and for this Count VIII alleges against defendants, as follows.

71.    By reason of defendants' aforesaid acts, Cable has suffered, and will continue to suffer, damage to his profession, reputation, and goodwill, unless the court protects Cable from any unauthorized use of his proprietary identity, and that of *Selfmadephoto.com*, and otherwise against infringements alleged aforesaid.  Cable has over time carefully developed, established, promoted, and preserved the integrity of plaintiff's name and identity, and that of *Selfmadephoto.com*, and the professional services associated therewith, but such integrity will suffer if Cable is unable to protect these substantial proprietary rights. Money damages alone could not adequately compensate Cable for the resulting loss of goodwill established by plaintiff in his

13

profession and with the purchasing public and others.

72.     Defendants continue to do, and to threaten to do, the acts complained of by plaintiff and, unless enjoined by the court, defendants will continue to do so, to plaintiff's irreparable damage. The harm to defendants of being ordered to cease their activities with respect to the Infringed Work is not sufficient to justify the damage to Cable of allowing defendants to continue. There is a strong possibility that Cable will prevail on the merits of this case. Furthermore, it would be extremely difficult, if not impossible, to ascertain the amount of compensation which would afford Cable adequate relief for defendant(s)' acts. Therefore, Cable's remedy at law is not adequate to compensate for such injuries.

73.     Pursuant to 17 U.S.C. § 1203(b), 17 U.S.C. § 502, and 15 U.S.C. §§ 1116 and 1118, Cable seeks a hearing and the issuance by the court, following such hearing, of a preliminary and ultimately permanent injunction to require defendant(s), *inter alia*, to:

(i)     cease using or taking any further steps to use Cable's copyrighted Work(s) in a misleading fashion, and all other materials of any kind which are identified or associated with Cable, or *Selfmadephoto.com*, without prior written authorization from Cable;

(ii)    cease distributing or taking any further steps to distribute the Infringed Work or other materials which unlawfully omit to properly use Cable's name, identity, copyrighted Works, and all other materials of any kind which are or should be properly identified or associated with Cable or *Selfmadephoto.com*, without prior written authorization from Cable;

(iii)   turn over to Cable or destroy all copies of the Infringed Work or portions thereof, scans, prints, displays, Web site data, digital files, and all other related materials of any kind wherein Cable's Work(s) and authorship thereof are misidentified with and/or miscredited to Defendants or some other third person or firm, and all without Cable's prior written approval; and

14

(iv)    cease making any representations, statements and/or suggestions that the manner in which the Infringed Work is reproduced, and/or credited as to authorship, is in any way approved, endorsed, or licensed by Cable, or *Selfmadephoto.com*, or identified with Cable , or *Selfmadephoto.com*, in any manner whatsoever, without Cable's prior written consent.

## COUNT IX
### (Attorney Fees & Exemplary Damages)

74.    Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 73 hereof, and for this Count IX alleges against defendants, as follows.

75.    Plaintiff seeks to recover the cost of enforcement of this legal action, in part including attorney fees, and exemplary damages, on the grounds hereinafter alleged.

76.    That despite that knowledge aforesaid, AFP and *ImageForum*, acting in concert with various of the DOE defendants, willfully and deliberately engaged in the foregoing infringements.

77.    Defendant(s)' deliberate and willful conduct has required plaintiff to employ legal counsel to file this action for violations including of the Copyright Act and the Digital Millennium Copyright Act of the United States.

78.    For the infringement of copyright in the Infringed Work through the unlawful reproduction thereof, *inter alia*, as allowed pursuant to 17 U.S.C. § 412(2), plaintiff is entitled to the recovery of his costs of enforcement, including attorney fees, because the effective date of registration of the Works by Cable sued upon herein, is made within three months of the first publication thereof.

79.    That the Copyright Act, § 504(c) thereof, provides, *inter alia*, that willful infringement of copyright is punishable by an award of statutory damages in amounts up to and including $150,000.00 for each Work infringed.

15

80. For the violation of Cable's copyright rights in copyright management information under 17 U.S.C. § 1202 as allowed pursuant to 17 U.S.C. § 1203, plaintiff is entitled to the recovery of his costs of enforcement, including attorney fees, because the DMCA provides for such relief separate and apart from traditional Chapter 5 violations of the Copyright Act.

81. That the Digital Millennium Copyright Act, § 1203(c)(3)(B) thereof, provides, *inter alia*, that infringement of copyright rights under § 1202 is punishable by an award of statutory damages in amounts up to and including $25,000.00 for each violation.

82. Therefore, defendants AFP including *ImageForum*, their respective officers, agents and employees who personally or directly contributed to, authorized and/or participated in infringing Cable's Infringed Work and violating his rights under the DMCA, and various of the DOE defendants, and each of them jointly and severally, are liable to plaintiff for such reasonable attorney fees, and exemplary damages, incurred in this action as may be allocated to the applicable Work(s) and violations of the DMCA.

83. In addition, defendants' deliberate and willful conduct has required plaintiff to employ legal counsel to file this action for violations including of the Lanham Act, and the Illinois Unfair and Deceptive Practices Act and for Consumer Fraud.

WHEREFORE, plaintiff, WAYNE CABLE, prays for findings of infringement, and violations of the Digital Millennium Copyright Act and unfair competition, and judgment in his favor and against defendants, and each of them jointly and severally, as follows:

A. That defendants be required to deliver up to plaintiff or destroy all copies of the Work(s), including the Infringed Work, in all media and versions, and all print media, and electronic and digital files, embodying the copyrighted photographic Work(s), including all printed and electronic versions and other materials embodying or reproducing the Work(s);

B. That defendants be required to pay to plaintiff such actual damages as plaintiff has sustained in consequence of defendants' infringements, and other unlawful acts, and to account for

16

all gains, profits and advantages derived by defendants therefrom, or such statutory damages for all infringements and wrongs as shall appear proper within the provisions of the copyright, trademark and deceptive practices laws;

      C.     That such damages otherwise assessed be increased if infringements and wrongful acts are found to be committed willfully;

      D.     That exemplary and/or punitive damages be assessed if infringements and acts of unfair competition, and other wrongful acts, including but not limited to consumer fraud and deceptive business practices, are found to be committed knowingly;

      E.     That the Court grant such other and further relief as is reasonable to remedy defendant(s)' wrongful acts by any means, either at law or in equity, including but not limited to injunction, impounding and reasonable disposition of all infringing articles;

      F.     Together with reasonable attorney fees and plaintiff's costs, plus interest.


PLAINTIFF DEMANDS TRIAL BY JURY


                    WAYNE CABLE, individually, and
                    d/b/a SELFMADEPHOTO.COM, Plaintiff.


              By _____
                          ATTORNEY


ATTORNEY FOR PLAINTIFF:

Mark Barinholtz
MARK H. BARINHOLTZ, P.C.
55 West Monroe Street
Suite 3600
Chicago, IL 60603
(312) 977-0121